UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                      Plaintiff,

            v.

ERNEST HUGHEY,

                                      Defendant.
_____

<u>DECISION AND ORDER</u>

22-CR-6191DGL

Defendant, proceeding *pro se*, brings a motion pursuant to Fed. R. Crim. Proc. 41(e), seeking the return of property that was seized from him at the time of his underlying arrest.

Familiarity with the procedural history of this matter, summarized in relevant part below, is presumed. Defendant was indicted in this Court on December 1, 2022, on charges of being a felon in possession of ammunition.

That case was not prosecuted further in federal court and the indictment was dismissed on December 28, 2023. (Dkt. #52, #53). The case was dismissed because, based on the same incident, Hughey was tried, convicted and sentenced to a twenty-year term of imprisonment in Monroe County Supreme Court (New York). Hughey has filed an appeal and that is still pending.

On January 8, 2024, defendant filed the instant motion, seeking the return of certain United States currency, a work vest, his wallet with his driver's license and other cards, and his cellular phone. He also requests release of a vehicle that was impounded by, and remains in the custody of, the City of Rochester Police Department. *See generally Fernandez v. United States*, 1996 U.S.

Dist. LEXIS 4073 at *3-*4 (after criminal proceedings are concluded, a motion for the return of seized property will be treated as a civil complaint).

In its response to Hughey's motion, the government indicates that the referenced items were used by the state in its prosecution of Hughey. The items remain in the custody and control of the Monroe County District Attorney or the Rochester Police Department, and were used in the state trial. The state authorities intend to retain custody of the items pending the outcome of Hughey's appeal and possible post-conviction proceedings.

To the extent that the federal government no longer has possession or control over the items at issue, defendant's motion (Dkt. #54) is denied. Hughey's remedy, if any, is in state court, and/or from the state authorities who now have possession and control over the referenced items.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated:  Rochester, New York
        February 21, 2024.